IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORR INDUSTRIES OF PENNSYLVANIA, LLC, | ) ) ) | CASE NO. 3:24-cv-01518-KM |
| | ) | HON. KAROLINE MEHALCHICK |
| Plaintiff, | ) | |
| v. | ) ) | **AGREED PRELIMINARY INJUNCTION ORDER** |
| JOEL MUEHLING, *et al.*, | ) ) | |
| Defendants. | ) ) | |

      Plaintiff, Orr Industries of Pennsylvania, LLC ("Orr") and Defendants, Joel Muehling ("Muehling") and A to Z Coatings, Inc. ("A to Z") (together with Muehling, "Defendants") (Orr, Muehling, and A to Z are collectively the "Parties") hereby advise the Court of this Agreed Preliminary Injunction Order ("Order") on Orr's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Doc. #3) ("Motion"). The terms are as follows:

      1.    On September 6, 2024, Orr filed a Verified Complaint for Injunctive and Monetary Relief against Defendants (ECF Doc. #1). Orr brought one claim for breach of contract against Muehling, alleging that Muehling violated the Restricted Use of Confidential Information, Non-Solicitation/Non-Interference, and Non-Competition terms of the Key-Employee Restrictive Covenant Agreement that he signed with Orr ("Agreement", attached to the Verified Complaint as Exhibit B; ECF Doc. #1-2). Orr specifically alleged that Muehling became employed by A to Z, a

25023494 v1

Competitor to Orr, located within the restricted Territory and within the two-year Restricted Period following the end of Muehling's employment with Orr, in violation of Paragraph 6 of the Agreement. Orr further alleged that Muehling breached Paragraph 5 of the Agreement by soliciting, calling upon, or otherwise initiating communications with Customers of Orr, within the two-year Restricted Period following the end of Muehling's employment with Orr. Orr also alleged that Muehling breached Paragraph 2 of the Agreement by disclosing Orr's Confidential Information, including Customer Information and sales information, to A to Z for the benefit of Defendants. (ECF Doc. #1, ¶¶ 59; ECF Doc. #1-2, ¶¶ 2, 5, 6.) Orr also brought one claim against A to Z for tortious interference with contract, alleging that A to Z had knowledge of the Agreement, but interfered with Orr's rights under the same by hiring Muehling, accepting customers solicited from Orr by Muehling, and receiving Confidential Information related to Orr's existing and prospective customer base from Muehling (ECF Doc. 1, ¶ 64).

2. On September 6, 2024, Orr also filed the Motion, seeking a temporary restraining order and a preliminary injunction against Defendants pursuant to Fed. R. Civ. P. 65(a) and (b) on the claims asserted in the Verified Complaint.

3. On October 8, 2024, the Parties agreed upon the terms of this preliminary injunction Order. While the Parties are in disagreement over the applicability of the Agreement to Muehling acting as an installer or laborer, the

Parties agree that Muehling will adhere to all terms of the Agreement, including but not limited to Paragraphs 2, 5, and 6, with the sole exception being that, to the extent prohibited by the Agreement, Muehling will be able to retain his employment with A to Z as a laborer and installer, in accordance with the terms of Paragraph 4 below. Muehling will not disclose any of Orr's Confidential Information (as defined in the Agreement) to anyone outside of Orr, nor will he utilize any Confidential Information for the benefit of himself or any third party, including but not limited to A to Z, in accordance with Paragraph 2 of the Agreement. Muehling will not solicit, call upon, or initiate communications with any Customers of Orr for purposes of offering Competitive Products or to encourage any Customer to terminate or reduce their volume of business with Orr, nor will Muehling otherwise attempt to Directly or Indirectly interfere with the Company's business or Customer relationships, in accordance with Paragraph 5 of the Agreement. Muehling further will not work in a Competitive Capacity for A to Z within the Territory in accordance with Paragraph 6 of the Agreement, except to the extent permitted by Paragraph 4 below. The Parties further agree that A to Z will not tortiously interfere with Orr's rights under the Agreement, including Orr's rights pursuant to Paragraphs 2, 5, and 6 of the Agreement. To the extent prohibited by the Agreement, Muehling is still permitted to work for A to Z in the limited capacity as an installer and laborer as provided by Section 4 below.

25023494 v1

4. For the duration of the Restricted Period, the Parties agree that Muehling may remain employed by A to Z solely as a laborer and installer. The Parties agree that Muehling will not be able engage in the advertisement, marketing, or sale of any Competitive Products. Muehling will only provide installation services after A to Z has independently made or secured a sale to any customer or person. In addition, Muehling will not provide installation services to, or otherwise interact in a professional capacity on behalf of A to Z with, any customers for whom he provided services on behalf of Orr in the two (2) years preceding his termination, including, but not limited to, the following: DPO Construction, GF McLaughlin, Stracham Enterprises, and Ryan Calciano. Muehling agrees to provide an affidavit or declaration to Orr, through counsel, which verifies under penalty of perjury that Muehling is in compliance with this Paragraph 4, on a quarterly basis for the duration of the Agreement's Restricted Period. Muehling will provide an affidavit or declaration in accordance with the foregoing on the following dates: January 3, 2025; April 4, 2025; July 7, 2025; October 3, 2025; January 2, 2026; April 3, 2026; July 3, 2026; and October 2, 2026. The Parties agree that the Restricted Period will begin to run as of the date that this Order is fully executed by the Parties, and will expire in accordance with the Agreement.

5. The Parties agree that this Order obviates the need for a hearing on Orr's Motion and the need for expedited discovery. The Parties agree that the

remainder of this action will proceed in accordance with the normal order and standard deadlines set forth by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of Pennsylvania, and any other order by this Court.

6.    The Parties agree that the terms of this Order shall remain in effect until this action is fully adjudicated on the merits, or the Parties otherwise reach a permanent settlement and advise the Court as such.

Agreed as of this 8th day of October, 2024.

/ s/ W. Eric Baisden
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
W. Eric Baisden (OH 0055763)
Lyndsay M. Flagg (OH 0099248)
(admitted *pro hac vice*)
127 Public Square, Suite 4900
 Cleveland, Ohio 44114
(216) 363-4405 (Telephone)
(216) 363-4588 (Facsimile)
E-mail: ebaisden@beneschlaw.com
lflagg@beneschlaw.com

Noelle B. Torrice (PA 317928)
1331 N. Market Street, Suite 1201
Wilmington, DE 19801
(302) 442-7056 (Telephone)
(302) 442-7012 (Facsimile)
Email: ntorrice@beneschlaw.com

*Attorneys for Plaintiff,*
*Orr Industries of Pennsylvania, LLC*

/s/ Brendan N. Fitzgerald (via 10/8/24 email consent)
**JOYCE, CARMODY & MORAN, P.C.**
Joseph J. Joyce, III
Brendan N. Fitzgerald
9 N. Main St., Suite 4
Pittston, PA 18604
(570) 602-3560 (Telephone)
(570) 602-3561 (Facsimile)
Email: jjj@joycecarmody.com
 bnf@joycecarmody.com

*Attorneys for Defendants,*
*Joel Muehling and A to Z Coatings, Inc.*

5

25023494 v1