IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORR INDUSTRIES OF PENNSYLVANIA, LLC, | ) ) ) | CASE NO. 3:24-cv-01518-KM |
| | ) | HON. KAROLINE MEHALCHICK |
| Plaintiff, | ) | |
| v. | ) ) | **JOINT CASE MANAGEMENT PLAN** |
| JOEL MUEHLING, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Having complied with the meet and confer requirements set forth in the Local Rules for the United States District Court for the Middle District of Pennsylvania, or with any orders specifically modifying their application in the above-captioned matter, Plaintiff Orr Industries of Pennsylvania, LLC ("Orr" or "Plaintiff") and Defendants Joel Muehling ("Muehling") and A to Z Coatings, Inc. ("A to Z" and with Muehling, "Defendants") hereby submit the following Joint Case Management Plan.

**1.    Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

        By plaintiff(s): **Orr is the former employer of Muehling. Orr and Muehling are parties to a Key-Employee Restrictive Covenant Agreement, which imposed certain non-competition, non-solicitation, and confidentiality obligations upon Muehling during his employment with Orr and for a limited time thereafter. Orr has alleged that Muehling breached the Agreement in various ways, including becoming employed by Defendant A to Z Coatings, Inc. in a competitive position immediately after the end of his employment with Orr, soliciting his former Orr accounts, and disclosing Orr's Confidential**

**Information. Orr has brought claims for breach of contract against Muehling and for tortious interference against A to Z and requested injunctive relief. Orr's request for injunctive relief was resolved by the parties' execution of an Agreed Preliminary Injunction Order on October 8, 2024.**

**By defendant(s):**

**Defendant Joel Muehling, is a former employee of Orr Industries of Pennsylvania, LLC ("Orr"), has been accused of violating a non-compete agreement after resigning from Orr on April 26, 2024. Plaintiff alleges that Mr. Muehling began working for Orr on December 5, 2022. This ignores the fact that Mr. Muehling had been working for Orr Industries, LLC, Orr Industries of Pennsylvania's predecessor since 2015. Muehling began his employment at Orr Industries, LLC in April of 2015 as a laborer/spray foam insulation installer. In December of 2020, Muehling became a salesperson at Orr Industries, LLC and was permitted to continue installing the spray foam insulation product. On or about December 5, 2022, Orr Industries, LLC sold its business to Orr Industries of Pennsylvania, LLC. After the sale to Orr Industries of Pennsylvania, LLC, Mr. Muehling retained the same position he held with Orr Industries, LLC. Mr. Muehling did not receive any additional compensation, signing bonus, or other incentive or compensation to stay with Orr Industries of Pennsylvania through the sale of Orr Industries, LLC. Mr. Muehling was told that nothing regarding his employment would be changing despite the company changing ownership.**

**It is Mr. Muehling's position that the agreement is unenforceable for lack of consideration, the covenants in the agreement are not reasonably necessary for the protection of Plaintiff, and that an FTC ruling depending on the outcome of Circuit or Supreme Court decision, may be dispositive.**

1.2   The facts the parties <u>dispute</u> are as follows:

**All except those identified below.**

<u>agree</u> upon are as follows:

**The parties agree that Muehling is a former employee of Orr and that Orr and Muehling are parties to the Agreement. The parties agree that Muehling became employed by A to Z following the end of his employment with Orr, and that Muehling initially worked for A to Z in a sales position. On October 8,**

**2024, the parties executed an Agreed Preliminary Injunction Order, which resolved Orr's request for injunctive relief against Defendants.**

    1.3    The legal issues the parties <u>dispute</u> are as follows:

**The alleged lack of consideration to enforce the Agreement. Whether the covenants in the agreement are reasonably necessary for the protection of Plaintiff, and the potential enforceability of an FTC ban on non-competes.**

agree upon are as follows:

**The requisite standards needed to establish Orr's claims for breach of contract and tortious interference.**

**The Agreed Preliminary Injunction Order shall remain in effect until this action is fully adjudicated on the merits or otherwise resolved.**

    1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None.**

    1.5    Identify any named parties that have not yet been served:

**None.**

    1.6    Identify any additional parties that:

plaintiff(s) intends to join:

**None.**

defendant(s) intends to join:

**None at this time.**

    1.7    Identify any additional claims that:

plaintiff(s) intends to add:

**None at this time.**

defendant(s) intends to add:

**None at this time.**

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

   2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Joel Muehling</u>  _ | <u>Defendant</u>   .............. |
| <u>Courtney Haggerty</u> | <u>Orr Branch Manager..</u> |

Disclosed by Defendants:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| **<u>Gerald Robb</u>** | **<u>Owner, A to Z Coatings</u>** |
| <u>Joel Muehling</u> | <u>Defendant</u>   .............. |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

4

      Nature of Motion        Moving Party        Anticipated Filing Date

**None.**

**4.0   Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

      By plaintiff(s):

**Plaintiff is preparing Initial Disclosures, to be served upon Defendants in the time allotted by Fed. R. Civ. P. 26(a)(1)(C), and Interrogatories and Requests for Production of Documents, to be served upon Defendants in accordance with Fed. R. Civ. P. 26(d)(1).**

      By defendant(s):

**Defendants are preparing Initial Disclosures, to be served upon Plaintiff in the time allotted by Fed. R. Civ. P. 26(a)(1)(C), and Interrogatories and Requests for Production of Documents, to be served upon Defendants in accordance with Fed. R. Civ. P. 26(d)(1).**

    4.2   Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**The parties agree to exchange written discovery. The parties agree that Plaintiff will take the depositions of Muehling and a corporate representative of A to Z, and that Defendants will take the deposition of a corporate representative of Orr. Other depositions may be necessary based on information from the written discovery and these depositions.**

    4.3   Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None.**

4.4  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None, all subject areas implicated by Fed. R. Civ. P. 26(b)(1) are permitted.**

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): **5**            defendant(s): **5**

4.5.2 interrogatories to be served by:

plaintiff(s): **25**           defendant(s): **25**

4.5.3  document production requests to be served by:

plaintiff(s): **50**           defendant(s): **50**

4.5.4  requests for admission to be served by:

plaintiff(s): **10**           defendant(s): **10**

4.6  Discovery of Electronically Stored Information

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**None.**

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**N/A**

**6.0   Scheduling**

6.1   Final date for joining additional parties:

   **December 11, 2024**          Plaintiff(s)
   **December 11, 2024**          Defendants(s)

6.2   Final date for amending pleadings:

   **December 11, 2024**          Plaintiff(s)

   **December 11, 2024**          Defendants(s)

6.3   All fact discovery commenced in time to be completed by:
   **June 10, 2025**

6.4   All potentially dispositive motions should be filed by:   **July 22, 2025**

6.5   Reports from retained experts due:

7

  from plaintiff(s) by  __**June 24, 2025**__

  from defendant(s) by  __**June 24, 2025**__

6.6 Supplementations due  __**July 8, 2025**__

6.7 All expert discovery commenced in time to be completed by  __**July 8, 2025**__

6.8 This case may be appropriate for trial in approximately:

  ____ 240 Days from the filing of the action in this court

  ____ 365 Days from the filing of the action in this court

  __**450**__ Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

  __**January 2026**__ (month/year)

6.10 Trial

  6.10.1 Suggested Date for Trial:

   __**February 2026**__ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

 **Courtney Haggerty**
 Name

 **Branch Manager, Orr Industries**

Title

**Available through Counsel**

_____
Address

**To be Contacted Through Counsel**     Daytime Telephone

For Defendants:

**Gerald Robb, Joel Muehling**
Name

**Owner, A to Z Coatings and Defendant**
Title

**Available Through Counsel**

_____
Address

**To be contacted through counsel**     Daytime Telephone

**8.0**   **Alternative Dispute Resolution ("ADR")**

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure **Mediation**

        Date ADR to be commenced **Following exchange of initial discovery**
        Date ADR to be completed _____

    8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

9

    **N/A**

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

    **N/A**

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
\_\_ Y  **X**  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_\_\_\_ Scranton/Wilkes-Barre
    \_\_\_\_\_ Harrisburg
    \_\_\_\_\_ Williamsport

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

    **None at this time.**

**11.0    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerks Office prior to the

case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:      **W. Eric Baisden, 127 Public Square, Suite 4900, Cleveland, OH 44114 / (216) 363-4676**
           Attorney(s) for Plaintiff(s)
     X  ECF User(s)
     ☐  Waiver requested (as separate document)
     ☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:      **Joseph J. Joyce, III, Joyce, Carmody & Moran, P.C. 9 N. Main St., Suite 4, Pittston, PA 18640 ........ (570) 602-3560**
           Attorneys(s) for Defendant(s)
     X  ECF User(s)
     ☐  Waiver requested (as separate document)
     ☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.