UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORR INDUSTRIES OF PENNSYLVANIA LLC,<br><br>          Plaintiff,<br>v.<br><br>JOEL MUEHLING, et al.,<br><br>          Defendants. | CIVIL ACTION NO. 3:24-CV-01518<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Plaintiff Orr Industries of Pennsylvania, LLC's ("Orr") letter dated November 13, 2025, requesting a forensic third-party review of Defendants Joel Muehling ("Muehling") and A to Z Coatings, Inc.'s ("A to Z") (together, "Defendants") computer systems due to an alleged lack of compliance with discovery demands and potential spoliation. (Doc. 45). For the reasons outlined below, the Court will **GRANT** Orr's request.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On September 6, 2024, Orr initiated this action by filing a complaint against Defendants. (Doc. 1). In the complaint, Orr alleges that Muehling is a former Orr employee. (Doc. 1, ¶¶ 36-37). Orr further alleges that on April 26, 2024, Muehling voluntarily resigned from Orr and agreed not to share Orr's confidential information, refrain from working with one of Orr's competitors within seventy-five miles of Orr, and refrain from soliciting Orr's customers for two years following the end of his employment. (Doc. 1, ¶¶ 2, 38). According to Orr, immediately thereafter, Muehling began working for A to Z, a competitor within seventy-five miles of Orr, disclosed Orr's confidential information, and began actively soliciting Orr's customers. (Doc. 1, ¶ 5, 39, 44). On September 6, 2024, Orr filed a complaint

alleging Muehling is liable for breach of contract and A to Z is liable for tortious interference with a contract. (Doc. 1, ¶¶ 56-68).

On January 27, 2025, Orr filed a letter with the Court claiming that Defendants have failed to comply with discovery requests regarding A to Z's sales records. (Doc. 25). On February 5, 2025, the Court ordered Defendants to produce all responsive documents and file a motion for a protective order. (Doc. 29). On February 12, 2025, the Court granted a joint motion for a protective order. (Doc. 30; Doc. 31). On February 24, 2025, the Court issued another order directing Defendants "to produce all sales records from May 1, 2024[,] through the present, and such production will be subject to the existing protective order." (Doc. 33, at 2).

On November 13, 2025, Orr filed a letter with the Court stating that it had reason to believe that Defendants engaged in spoliation of certain documents and improperly withheld others. (Doc. 45). According to Orr, despite the Court ordering Defendants to comply with Orr's discovery requests, Defendants have failed to produce various sales records involving Muehling. (Doc. 45, at 1-2). Defendants filed a letter in response countering that any missing documents are due to technical difficulties with A to Z's computer systems and that Defendants had produced all documents Defendants' counsel has been able to obtain. (Doc. 46). The Court held several discovery conference calls on this matter.

On a November 25, 2025, conference call, Defendants informed the Court that A to Z was able to locate over 1,500 additional pages of responsive documents. Orr informed the Court that it still wishes to proceed with its request for a forensic examination of Defendants' computer system, and the Court ordered the parties to file letter briefs on Orr's request for a

forensic examination by December 2, 2025. (Doc. 57). This matter is now ripe and ready for disposition.

## II. LEGAL STANDARD

"Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process." *Schiavone v. Luzerne Cnty.*, 343 F.R.D. 34, 37 (M.D. Pa. 2023) "The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion." *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987); *see also Schiavone*, 343 F.R.D. at 37. The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1)

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> Fed. R. Civ. P. 37(a)(1).

When resolving a discovery dispute, a court must first determine whether the requesting party met their "burden of showing that the information sought is relevant to the subject matter of the action." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (noting that a party is not entitled to discovery where they fail to show the information sought is relevant); *see also Miller v. Heil Co.*, No. 3:20-CV-91, 2021 WL 12311672, at *12 (W.D. Pa. July 29, 2021) (noting that before a court reaches disputed issues such as privilege, "it must first make a determination as to the relevance of the requested documents"). A court must also assess whether requested discovery is "privileged or otherwise protected." *Caver*, 192 F.R.D. at 159; *see King v. Verizon New Jersey, Inc.*, No. CV 21-11226, 2023 WL 5817126, at *4 (D.N.J. Sept. 6, 2023) (noting that once evidence is deemed relevant, the burden shifts to the opposing party to show that the evidence is not discoverable due to privilege or other considerations). If the Court determines there is evidence that a party withheld relevant and discoverable evidence or engaged in spoliation, the Court may use its discretion to order a forensic examination of a party's computer systems. *See Profit Point Tax Techs., Inc. v. DPAD Grp., LLP*, No. 2:19-CV-698, 2021 WL 1967961, at *4 (W.D. Pa. May 17, 2021) (stating "[t]here is no question that [ordering a forensic examination] so falls squarely within a district court's broad discretion over case management and the conduct of discovery"); *see also Marsulex Env't Techs. v. Selip S.P.A.*, No. 1:15-CV-00269, 2019 WL 2184873, at *12 (M.D. Pa. May 21, 2019) (granting a party's request for a forensic examination of the opposing party's computer systems); *see also Stevens v. Sullum*, No. 3:20-CV-01911, 2022 WL 4122195, at *9 (M.D. Pa. Sept. 9, 2022) (same).

### III.  DISCUSSION

Orr argues that "[a] forensic review is necessary because A to Z has continuously ignored its obligation to participate in ethical discovery for the entirety of this case. . . [and] has made knowingly false statements." (Doc. 59, at 1). According to Orr, Defendants have repeatedly claimed that they have failed to produce responsive documents because they do not have them, but then later "grudgingly produced" incomplete sets of supplemental documents. (Doc. 59, at 1). Defendants aver that the Court should deny Orr's request for a forensic examination because Defendants continue to supplement their discovery responses in good faith, Orr failed to show the relevance of the requested documents, and Orr seeks proprietary information covered by an existing protective order. (Doc. 30).

A forensic investigation of a party's computer systems is typically ordered as a sanction for a party's failure to preserve evidence or comply with discovery. *See Marsulex Env't Techs.*, 2019 WL 2184873, at *12; *see also Stevens*, 2022 WL 4122195, at *8. However, "[c]ourts have ordered forensic investigations to be performed to determine whether electronically stored information was deleted or withheld." *Stevens*, 2022 WL 4122195, at *8 (granting a request for a forensic investigation into a party's computer systems to investigate the potential withholding and spoliation of responsive documents); *see Marsulex Env't Techs.*, 2019 WL 2184873, at *12 (same); *see also AMG Nat'l Tr. Bank v. Ries*, No. 06-CV-4337, 2011 WL 3099629, at *5 (E.D. Pa. July 22, 2011) (same). A court may order a forensic investigation when a party presents circumstantial evidence that the opposing party withheld responsive documents. *See Stevens*, 2022 WL 4122195, at *9 (granting a request for a forensic examination when a party stated certain responsive documents did not exist and later coincidentally discovered such documents after receiving a subpoena); *see also Marsulex Env't Techs.*, 2019

WL 2184873, at *12 (stating "given [the defendant's] failure to properly preserve evidence and the circumstantial evidence that additional documents exist but were not produced, we find that a forensic investigation is necessary to determine whether and to what extent [the defendant] withheld, suppressed, or deleted evidence").

The Court finds that a forensic examination of Defendants' computer systems is warranted. As an initial matter, contrary to Defendants' assertions, the sales documents Orr requests are relevant to the instant litigation. The basis of Orr's claims is that "Muehling is actively soliciting customers from Orr by contacting the former accounts he once held with Orr and encouraging them to terminate their relationships with [Orr] and assume new relationships with A to Z." (Doc. 1, ¶ 44). Sales records are directly relevant to claims involving the wrongful solicitation and acquisition of a competitor's customers. *Lux Glob. Label Co., LLC v. Shacklett*, No. 18-CV-5061, 2020 WL 1700572, at *3 (E.D. Pa. Apr. 8, 2020) (finding that sales data is relevant to a wrongful customer solicitation claim). This is the reason the Court previously ordered Defendants to produce these documents. (Doc. 33).

Turning to whether a forensic review is warranted, on two separate conference calls, Defendants' counsel represented to the Court that A to Z denied possessing the sales documents Orr requests, and that if it had possessed the documents, it would produce them. However, during the Court's third conference call on this matter, Defendants' counsel informed the Court that A to Z suddenly found and produced over 1,500 pages of responsive documents the night before the conference. As documented in Orr's December 2, 2025, letter to the Court, this supplemental production of documents is just one of multiple instances in which Defendants submitted insufficient discovery responses, the Court held a conference to address the deficiencies in Defendants' responses, and Defendants then submitted

incomplete, supplemental discovery responses. (Doc. 59, at 2-4). The Court already issued two orders compelling discovery after Defendants failed to comply with Orr's discovery requests. (Doc. 29; Doc. 33). The second of those orders specifically orders Defendants to produce the sales records at issue here. (Doc. 33). Based on this history, there is ample evidence that Defendants withheld documents to justify a forensic examination of Defendants' computer systems. *See Stevens*, 2022 WL 4122195, at \*9; *see also Marsulex Env't Techs.*, 2019 WL 2184873, at \*12.

Defendants argue that the Court should deny Orr's request for a forensic examination because an invasive forensic review of Defendants' computer systems would allow Orr, A to Z's direct competitor, unfettered access to extensive proprietary information. (Doc. 1, at 1-3). However, a protective order is in place addressing the issue of access to proprietary information. (Doc. 30; Doc. 31). A to Z's concerns are "resolved by the [p]rotective [o]rder in this matter." *Lux Glob. Label Co., LLC*, 2020 WL 1700572, at \*4 (noting that an existing protective order addressed the defendants' concerns about a forensic review revealing confidential information); *see Shorter v. Samuels*, No. 3:16-CV-1973, 2021 WL 1017375, at \*35 (M.D. Pa. Mar. 17, 2021) (noting that an existing protective order mitigated a party's concerns about confidential information).

### IV. CONCLUSION

Based on the foregoing, the Court will grant Orr's request for a forensic examination of Defendants' computer systems, with A to Z to pay the associated costs. *See Marsulex Env't Techs.*, 2019 WL 2184873, at \*12 (ordering the allegedly non-complaint party to pay the costs associated with the forensic examination).

**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**
