UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORR INDUSTRIES OF PENNSYLVANIA LLC,<br><br>                Plaintiff,<br>v.<br><br>JOEL MUEHLING, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:24-CV-01518<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is the motion of counsel for Defendant Joel Muehling ("Muehling"), Attorneys Brendan N. Fitzgerald and Attorney Joseph J. Joyce, III, and their firm, Joyce, Carmody & Moran, P.C. to withdraw as counsel for Muehling. (Doc. 48). Counsel seeks to withdraw as Muehling's counsel but remain as counsel for Defendant A to Z Coating Inc. ("A to Z"). Plaintiff, Orr Industries of Pennsylvania, LLC ("Orr"), submits that allowing counsel to remain representing A to Z would be a conflict of interest. (Doc. 63). The Court agrees and for the reasons outlined below, will grant the motion to withdraw as counsel for Muehling and will disqualify counsel from continued representation of A to Z.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Orr filed this action against Defendants Muehling and A to Z in September 2024, alleging breach of contract and tortious interference with contract claims stemming from alleged disclosure of confidential information and solicitation of Orr's customers by Muehling, a former employee of Orr who subsequently became employed at A to Z. (Doc. 1). After Orr filed the complaint, A to Z terminated Muehling. (Doc. 48, at 2). Throughout the course of discovery in this matter, Defendants have not complied with several court orders. (Doc. 25; Doc. 29; Doc. 30; Doc. 31; Doc. 33, at 2; Doc. 60; Doc. 61).

After counsel filed the instant motion to withdraw, the Court conducted three conference calls related to a request for a forensic examination and the motion to withdraw. During these calls, Orr averred that counsel was conflicted from withdrawing as counsel for Muehling but continuing to represent A to Z and requested that counsel provide a copy of a joint representation agreement governing the terms of the continued representation, if one existed. During the November 25, 2025, conference call counsel represented to the Court that such an agreement was not in place.

## II.  LEGAL STANDARD

Pursuant to Local Rule 83.15, "[a]ppearance of counsel shall not be withdrawn except by leave of court." Courts have discretion over whether to grant motions to withdraw counsel. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986); *see also Loften v. Diolosa*, No. CV 3:05-1193, 2016 WL 3090399, at *2 (M.D. Pa. June 2, 2016). "[A] law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." *Ohntrup*, 802 F.2d at 680; *see Camacho v. Dean*, No. 1:14-CV-01428, 2016 WL 1182265, at *3 (M.D. Pa. Mar. 28, 2016). A court's "determination [regarding counsel's withdrawal] is guided by the professional rules of conduct." *United States v. Bellille*, 962 F.3d 731, 738 (3d Cir. 2020). Courts must consider whether withdrawal is warranted due to a conflict of interest. *See Bellille*, 962 F.3d at 738 (considering Pennsylvania's ethical rules regarding conflicts of interest when evaluating a motion to withdraw). A court may also disqualify counsel from representing a party due to a conflict of interest. *See Holcombe v. Quest Diagnostics, Inc.*, 675 F. Supp. 2d 515, 518 (E.D. Pa. 2009) (assessing whether the court must disqualify counsel due to a conflict of interest); *see also Mun. Revenue Servs., Inc. v. Xspand*, Inc., 537 F. Supp. 2d 740,

746 (M.D. Pa. 2008) (same). A party may also move to disqualify opposing counsel from representing their clients, however, the movant "bears the burden of clearly showing that continued representation would be impermissible. Vague and unsupported allegations are not sufficient to meet this standard." *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (citations omitted); *see Perez v. Koresko*, No. CV 09-988, 2014 WL 12908002, at *2 (E.D. Pa. Apr. 22, 2014).

### III.  DISCUSSION

Orr submits that counsel may not continue to represent A to Z if they withdraw from representation of Muehling because the interests of those parties no longer align, and they may have to cross-examine and depose a former client who presumably already shared privileged information with them. (Doc. 63, at 6-9). Moving counsel agree that Defendants' interests no longer aligned, but submit they may continue representing A to Z after withdrawing as counsel for Muehling. (Doc. 64, at 5-7).

The district court has the inherent authority to supervise the professional conduct of attorneys appearing before it, and it is from this authority that power to disqualify an attorney is derived. *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980); *see Holcombe*, 675 F. Supp. 2d at 518. Disqualification is never automatic, and should only occur when the court determines that it is the appropriate means of enforcing the applicable disciplinary rule. *Miller*, 624 F.2d at 1201; *see Foley v. Drexel Univ.*, No. CV 22-1777, 2023 WL 3611529, at *1 (E.D. Pa. May 23, 2023).

Pennsylvania Rule of Professional Conduct 1.7 states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

3

> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent.
>
> PA ST RPC Rule 1.7.

Comment 4 to Rule 1.7 states that "[i]f a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the informed consent of the client." PA ST RPC Rule 1.7 cmt. 4. Similarly, comment 29 to Rule 1.7 states that "a lawyer should be mindful that if the common representation fails because the potentially adverse interests cannot be reconciled, the result can be additional cost, embarrassment and recrimination. Ordinarily, the lawyer will be forced to withdraw from representing *all* of the clients if the common representation fails." PA ST RPC Rule 1.7 cmt. 29 (emphasis added). Under Rule 1.10, an attorney's conflicts are imputed to their law firm. PA ST RPC Rule 1.10; *see Diamond PEO, LLC v. Bridge HRO, LLC*, No. CV 21-1718, 2024 WL 4145237, at *1 n.3 (W.D. Pa. July 16, 2024) (stating "[a] lawyer's conflict is imputed to the lawyer's law firm").

Rule 1.7(b) only allows an attorney with a concurrent conflict of interest to continue

4

to represent a client despite the conflict where "each affected client gives [the conflicted attorney their] informed consent." PA ST RPC Rule 1.7(b)(4); *see Martin v. Turner*, No. CIV.A. 10-1874, 2011 WL 717682, at *4 (E.D. Pa. Feb. 18, 2011) (allowing an attorney to continue to represent a client despite a concurrent conflict of interest with informed consent); *see also Walsh v. Consol. Design & Eng'g, Inc.*, No. CIV.A. 05-2001, 2008 WL 131135, at *9 (E.D. Pa. Jan. 14, 2008) (disqualifying counsel with a concurrent conflict where each affected client did not give informed consent). Rule 1.7 and general principles of professional ethics do not allow an attorney representing multiple clients to favor one client over another. *See United States v. Carr*, 322 F. Supp. 3d 612, 619 (E.D. Pa. 2018) (stating "the Court finds that permitting Griffin to jettison his original client, Client No. 1, in favor of Carr, his subsequent client, would not comport with the ethical standards of the legal profession"); *see also Koen Book Distributors, Inc. v. Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, P.C.*, 212 F.R.D. 283, 285 (E.D. Pa. 2002) (stating "[t]he fiduciary obligations of an attorney are not served by his later selection of the interests of one client over another" (citing *Valente v. Pepsico, Inc.*, 68 F.R.D. 361, 368 (D. Del. 1975)).

In this case, counsel represent A to Z and Muehling concurrently. (Doc. 12; Doc. 13). It is undisputed that after A to Z terminated Muehling, A to Z and Muehling's interest no longer align. (Doc. 63, at 6-7; Doc. 64, at 5). Counsel themselves argue that the Court should grant the motion to withdraw as counsel for Muehling because "[p]rofessional considerations arising from Mr. Muehling's termination and the resulting divergence of interests require withdrawal from representing him" and they cite Rule 1.7 as the "[p]rofessional consideration" which requires them to withdraw from representing Muehling. (Doc. 64, at 5). Counsel do not present any argument, nor could they, as to why that same conflicting

5

interest does not prevent them from representing A to Z. (Doc. 64). An attorney simply cannot favor the interests of one client over the other's interests. *See Carr*, 322 F. Supp. 3d at 619; *see also Koen Book Distributors, Inc., P.C.*, 212 F.R.D. at 285.

Further, while counsel aver that the Court may not rely on speculation about a future conflict to find an "unwaivable conflict" preventing their continued representation of A to Z, the Court is not doing that here. (Doc. 64, at 5-7). Muehling has never provided a waiver of any conflict, waivable or not, and counsel has represented that their representation agreement does not provide for joint representation. Nor has counsel provided the Court with anything to indicate any informed consent by Muehling to continue to represent A to Z in the event of a conflict. By counsel's own admission, they have a concurrent conflict under Rule 1.7 and do not have the informed consent of "each affected client." PA ST RPC Rule 1.7(b)(4) *see Walsh*, 2008 WL 131135, at *9 (disqualifying counsel due to a lack of informed consent from each client).

IV.  **CONCLUSION**

For the foregoing reasons, the motion to withdraw as counsel for Muehling is **GRANTED**. (Doc. 48). Further, the Court **DISQUALIFIES** counsel and their firm from continuing to represent A to Z. It is further ordered that this matter is **STAYED** for a period of 60 days for A to Z and Muehling to secure new counsel.

An appropriate Order follows.

**Dated: January 5, 2026**                                                 *s/ Karoline Mehalchick*
                                                                           **KAROLINE MEHALCHICK**
                                                                           **United States District Judge**