**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORR INDUSTRIES OF PENNSYLVANIA LLC, | CIVIL ACTION NO. 3:24-CV-01518 |
| Plaintiff, | (MEHALCHICK, J.) |
| v. | |
| JOEL MUEHLING, et al., | |
| Defendants. | |

## MEMORANDUM

Plaintiff Orr Industries of Pennsylvania, LLC ("Orr") initiated this action on September 6, 2024, by filing a complaint against Defendants Joel Muehling ("Muehling") and A to Z Coating Inc. ("A to Z") (together, "Defendants"). (Doc. 1). Before the Court is Orr's motion for sanctions against Defendants and their former counsel Joyce, Carmody & Moran, P.C. ("JCM"). (Doc. 74). For the following reasons, Orr's motion is **DENIED without prejudice** to Orr's ability to file a renewed motion after the Court's ordered forensic review. The Court further **ORDERS** the parties to complete the forensic review within thirty days of the date of the accompanying order.

## I.  BACKGROUND AND PROCEDURAL HISTORY

In the complaint, Orr alleges that Muehling is a former Orr employee. (Doc. 1, ¶¶ 36-37). Orr further alleges that on April 26, 2024, Muehling voluntarily resigned from Orr and agreed: 1) not to share Orr's confidential information, 2) to refrain from working with one of Orr's competitors within seventy-five miles of Orr, and 3) to refrain from soliciting Orr's customers for two years following the end of his employment. (Doc. 1, ¶¶ 2, 38). According to Orr, immediately thereafter, Muehling began working for A to Z, a competitor within seventy-five miles of Orr, disclosed Orr's confidential information, and began actively

soliciting Orr's customers. (Doc. 1, ¶¶ 5, 39, 44). Orr alleges Muehling is liable for breach of contract and A to Z is liable for tortious interference with a contract. (Doc. 1, ¶¶ 56-68). After Orr filed the complaint, A to Z terminated Muehling. (Doc. 48, at 2).

Throughout this litigation, Defendants failed to comply with various discovery orders. On January 27, 2025, Orr filed a letter with the Court claiming that Defendants failed to comply with discovery requests regarding A to Z's sales records. (Doc. 25). On February 5, 2025, the Court ordered Defendants to produce all responsive documents and file a motion for a protective order addressing Defendants' concerns regarding proprietary information. (Doc. 29). On February 12, 2025, the parties submitted a joint motion for a protective order, which the Court granted on February 13, 2025. (Doc. 30; Doc. 31). On February 24, 2025, the Court issued another order directing Defendants "to produce all sales records from May 1, 2024[,] through the present, and such production will be subject to the existing protective order." (Doc. 33, at 2). On December 5, 2025, after Orr informed the Court that Defendants yet again failed to produce requested documents, the Court ordered a forensic examination of Defendants' computer systems due to Defendants' consistent failure to comply with discovery requests. (Doc. 60; Doc. 61).

On November 14, 2025, JCM filed a motion to withdraw as Muehling's counsel but not A to Z's. (Doc. 48). During conference calls regarding JCM's motion to withdraw, Orr indicated that it believed JCM has a conflict of interest which prevents it from solely representing A to Z. On January 5, 2026, the Court granted JCM's motion to withdraw as Muehling's counsel but also disqualified JCM from representing A to Z. (Doc. 73).

On January 16, 2026, Orr filed the instant motion for sanctions. (Doc. 74). On January 20, 2026, Orr filed a brief in support. (Doc. 75). On January 30, 2026, JCM filed a brief in

opposition. (Doc. 77). On March 16, 2026, A to Z filed a brief in opposition. (Doc. 80). Orr filed reply briefs to both. (Doc. 78; Doc. 82). Muehling never filed a timely response to the motion. Accordingly, this matter is ripe and ready for disposition.

## II.    LEGAL STANDARD

"A district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before the court." *Glime v. Susquehanna Valley Pre-Owned Sales & Serv.*, No. 4:21-CV-01499, 2022 WL 19005562, at *1 (M.D. Pa. Dec. 22, 2022). Because of this, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 205 (3d Cir. 2011) (quoting *Bowers v. Nat'l Collegiate Athletics Ass'n,* 475 F.3d 524, 538 (3d Cir. 2007)). While much discretion is given to the district courts when imposing sanctions, the Court "must make factual findings that are sufficient to support its conclusions of law." *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003). Rule 26 of the Federal Rules of Civil Procedure governs  discovery, while Rule 37 provides sanctions for failure to comply with discovery requests. Under Rule 37, a party may move for dismissal, entry of default judgment, or the preclusion of claims or defenses as sanctions, and whether a court grants such a sanction is governed by six factors originally enumerated by the Third Circuit Court of Appeals in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See Knoll v. City of Allentown*, 707 F.3d 406, 409–10 (3d Cir. 2013).

Parties are required to respond to requests for initial disclosure within 14 days of a Rule 26(f) conference unless otherwise stipulated in a court order. Fed. R. Civ. P. 26. Parties also must respond to interrogatories and requests for production of documents within 30 days.

Fed. R. Civ. P. (33)(b)(2); Fed. R. Civ. P. 34(b)(2)(A). If discovery attempts prove fruitless, a party may request discovery sanctions under the Federal Rules. Federal Rule of Civil Procedure 37(c)(1), permits sanctions as follows:

(1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

   (B) may inform the jury of the party's failure; and

   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P 37(c)(1).

A court may further order a party to comply with discovery requests, and if the party fails to comply with a court's order, that party, and potentially their counsel, is subject to further sanction. *See* Fed. R. Civ. P 37 (b). The Third Circuit has noted that district courts may "impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery orders or pretrial orders." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). Attorneys' fees are explicitly listed as a potential sanction that a party and/or their counsel may be required to pay under Rule 37(b)(2)(C).

## III.    DISCUSSION

In the instant motion, Orr asserts that Defendants and JCM failed to comply with the Court's discovery orders,  seeks monetary sanctions against Defendants and JCM, and requests that the Court grant default judgment against Defendants. (Doc. 74; Doc. 75, at 25-33). JCM contends that it cannot be sanctioned because it did not act willfully and reasonably

4

relied on its clients' representations regarding the availability of evidence. (Doc. 77, at 5-19). A to Z contends that sanctions are premature and unwarranted because any failure to produce documents was due to either a technical issue with A to Z's computer systems, which will be shown during the Court's ordered forensic review, or JCM's actions. (Doc. 80, at 5-10).

"Under [Federal Rule of Civil Procedure 37], a district court may impose sanctions on a party that fails to make the required Fed.R.Civ.P. 26(a) initial disclosures or to comply with an order compelling discovery." *Roman v. City of Reading*, 121 F. App'x 955, 958 (3d Cir. 2005) (nonprecedential). Where sanctions are warranted due to a failure to comply with Court orders, rule 37 (b)(2)(C) empowers a court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (b)(2)(C); *see Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008) (stating "'the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders'" (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984); *see also Shaw v. Vetforce, Inc. Pennsylvania*, No. 4:23-CV-01868, 2025 WL 83511, at *2 (M.D. Pa. Jan. 13, 2025) (awarding attorneys' fees); *see also Aktas v. Mint Enter. LLC*, No. CV 20-7409, 2022 WL 11705208, at *4 (D.N.J. Oct. 20, 2022) (same). A court may also order default judgment as a sanction in extreme cases. *See Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 68–69 (D.N.J. 2012) (stating "[t]he imposition of a default judgment for a [Rule 37] discovery violation is an extreme sanction and is only permitted in the most egregious cases").

Courts must consider a party's degree of fault before sanctioning them for discovery violations. *See GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019). For a court to sanction an attorney under Rule 37, the movant must show that the attorney "personally [violated] a discovery order or . . . [advised] a client to do so." *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003). "[S]anctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995); *see Stream Companies, Inc. v. Windward Advert.*, No. 12-CV-4549, 2013 WL 3761281, at *7 (E.D. Pa. July 17, 2013) (stating "the imposition of sanctions under Rule 37 is not appropriate if the failure to produce was substantially justified or harmless"). Courts in the Third Circuit apply a preponderance of the evidence standard when evaluating motions for sanctions.[1] *See Friedman v. Philadelphia Parking Auth.*, No. CV 14-6071, 2016 WL 6247470, at *7 (E.D. Pa. Mar. 10, 2016); *see also DVComm, LLC v. Hotwire Commc'ns, LLC*, No. CV 14-5543, 2016 WL 6246824, at *6 (E.D. Pa. Feb. 3, 2016).

While the Court finds that Defendants and JCM did not comply with the Court's discovery orders, making a final determination regarding sanctions would be premature because the Court has incomplete evidence regarding Defendants' and JCM's degrees of fault. According to Orr, Defendants and JCM violated a preliminary injunctive order and failed to fully produce requested documents. (Doc. 75, at 24-33). On October 10, 2024, the parties agreed to a preliminary injunctive order (the "Order") which stipulated that "Muehling may

---

[1] The Court notes that some courts outside the Third Circuit apply a clear and convincing evidence standard. *See CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 498-99 (S.D.N.Y. 2016) (distinguishing cases). For the reasons discussed above, the evidentiary standard applied is inconsequential for purposes of adjudicating the instant motion because the Court has incomplete evidence.

remain employed by A to Z solely as a laborer and installer. The Parties agree that Muehling will not be able to engage in the advertisement, marketing, or sale of any Competitive Products." (Doc. 17, at 4). To assure compliance with this agreement, the parties agreed that "Muehling will provide an affidavit or declaration in accordance with the foregoing on the following dates: January 3, 2025; April 4, 2025; July 7, 2025; October 3, 2025; January 2, 2026; April 3, 2026; July 3, 2026; and October 2, 2026." (Doc. 17, at 4). The Court approved the Order on October 15, 2024. (Doc. 18). Orr contends that Muehling never submitted the required affidavits, and Defendants do not present any evidence to the contrary. (Doc. 75, at 10).

On November 27, 2024, Orr sent JCM a letter stating that it believed Defendants breached the Order and that Muehling was involved in the sale of Competitive Products. (Doc. 75, at 11). JCM and Defendants denied the breach. (Doc. 74-1, at 5-6). Orr then issued interrogatory requests and document requests regarding sales records indicating Muehling's involvement with any sales after the issuance of the Order. (Doc. 74-1, at 8-30). Defendants objected to the request on the basis that the requested documents contained proprietary information. (Doc. 74-1, at 8-30). On February 5, 2025, the Court ordered Defendants to produce all responsive documents and for the parties to submit a proposed protective order to address Defendants' concerns about proprietary information. (Doc. 29). The parties submitted a joint motion for a protective order, which the Court granted on February 12, 2025. (Doc. 30; Doc. 31). On February 24, 2025, the Court again ordered Defendants to produce all responsive documents, including "all sales records from May 1, 2024 through the present." (Doc. 33, at 2).

On November 13, 2025, Orr advised the Court that Defendants had still not produced the sale records, despite the Court having unambiguously ordered them to do so. (Doc. 45). JCM and Defendants filed a letter in response advising the Court that they produced all of the responsive documents they could and that any missing documents were only missing due to an error with A to Z's computer system. (Doc. 46). Despite this, on a November 25, 2025, conference call, A to Z and JCM informed the Court that they were suddenly able to locate over 1,500 pages of additional responsive documents. However, Orr represents that Muehling's name did not appear in a single sale record produced. (Doc. 75, at 21). Orr presents documents issued from third-party subpoenas, which indicate that Muehling's name appears on invoices and in text messages regarding sales after May 1, 2024, despite Orr not producing any such documents. (Doc. 74-1, at 82-106; Doc. 75, at 16-20). Orr notified JCM and Defendants that third parties produced these documents and repeatedly demanded that JCM and Defendants produce their versions of these records and all similar documents that may be in Defendants' possession. (Doc. 45, at 1-2). Despite this, Defendants and JCM did not produce the requested documents. A to Z maintains that a change in its computer systems has left it unable to locate the documents Orr demanded and that it complied with the discovery orders to the best of its ability, given its technological issues. (Doc. 80, at 7).

It is apparent, in this case, that Defendants and JCM did not produce "all sales records from May 1, 2024[,] through the present" despite the Court ordering them to do so, given that Orr has presented documents from third party productions showing that A to Z issued sales records to third parties involving Muehling. (Doc. 33, at 2; Doc. 45, at 1-2; Doc. 74-1, at 82-106; Doc. 75, at 16-2). However, if A to Z's contention that it produced every document it had and issues with its computer systems led to it not being able to locate additional

8

documents is true, A to Z's technical issues would be relevant to the Court's evaluation of A to Z's fault in failing to comply with the Court's order. (Doc. 80, at 7). The Court must evaluate all evidence of A to Z's fault, or lack thereof, when determining the appropriateness of Rule 37 sanctions. *See GN Netcom, Inc.*, 930 F.3d at 82 (noting that Rule 37 sanctions depend on the fault of the parties). Similarly, if A to Z was unable to locate requested documents due to technical issues, sanctions may not be warranted against JCM because in that case, JCM would not have directed Defendants to disobey the Court's discovery orders. *See Naviant Mktg. Sols. Inc.*, 339 F.3d at 185 (noting that counsel should only be sanctioned where they themselves violated a court's discovery orders or advised their client to do so). The Court has ordered a forensic review of A to Z's computer systems which will likely produce evidence regarding the veracity of A to Z's claim that it did not comply with the Court's discovery orders due to technical difficulties. (Doc. 61). Accordingly, it is premature for the Court to make a determination regarding whether sanctions are warranted or what sanctions are appropriate given the fact that the Court has incomplete evidence to evaluate Defendants' and JCM's degrees of fault. *See Doe v. Loyalsock Twp. Sch. Dist.*, No. 4:21-CV-01343, 2024 WL 1468352, at *7 (M.D. Pa. Apr. 4, 2024) (stating "the Court finds that [plaintiff's] request for sanctions is premature. Until the forensic inspection is complete, it remains an open question whether, and if so the extent to which the [defendant] has failed to fulfill its discovery obligations"). Accordingly, the Court **DENIES** Orr's motion for sanctions (Doc. 74) **without prejudice** to Orr's ability to file a renewed motion after the forensic review in this matter is concluded. The Court **ORDERS** the parties to conduct the forensic review within thirty days of the date of the accompanying order.

## IV.    CONCLUSION

For the foregoing reasons, Orr's motion for sanctions is **DENIED without prejudice** to Orr's ability to file a renewed motion after the Court ordered forensic review. (Doc. 74). The Court **ORDERS** the parties to conduct the forensic review within thirty days of the accompanying order.

An appropriate Order follows.

**Dated: May 29, 2026**                         *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States District Judge**